IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>ABNER EDERY, VIVIANE EDERY, VIRGINIE EDERY, ALEXANDRA EDERY, SEAN RUSSELL, JENNIFER EDERY<br><br>Defendants. | CV 24-30-BLG-SPW-TJC<br><br><br>ORDER |

Plaintiff Alexandre Zdenek Davis ("Davis"), a *pro se* prisoner currently incarcerated in the Nevada Southern Detention Center in Pahrump, Nevada, has filed this civil rights action. *See* Comp. (Doc. 1.) Davis's filing is hand-written, and he did not utilize the Court's approved form.

Davis alleges that the Defendants physically and sexually abused him from 1996 to 2015, and that the abuse occurred primarily in Southern California. (*Id.* at 1-3.) All named defendants are residents of La Mesa, California. (*Id.* at 1.) Davis demands a jury trial and seeks declaratory relief, punitive damages in the amount of $5 million dollars, and any other relief the Court deems proper. (*Id.* at 3.)

1

From his filing, it does not appear that any of the acts of which Davis complains occurred within the District of Montana.

Davis has neither prepaid the $405 civil and administrative filing fee required by 28 U.S.C. § 1914(a) nor has he filed a Motion to Proceed in Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a)(1). Davis has, however, provided a trust fund account statement. (Doc. 2.) The Court observes that Davis has been allowed to proceed IFP in other matters. Additionally, because there is no reason to delay this matter further, the Court will allow Davis to proceed IFP and continue with screening the complaint.

The Court finds Davis's Complaint cannot be filed in the District of Montana. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not yet run. *Costlow v. Weeks*, 790 F. 2d 1486, 1488 (9th Cir. 1986). Plaintiff bears the burden of demonstrating that venue is proper in his chosen district. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F. 2d 491, 496 (9th Cir. 1979). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Davis claims that the Defendants subjected him to physical and sexual abuse, including forcing him to engage in sexual acts that were filmed, for nearly

18 years. (*Id.* at 2.) Davis also alleges he was forced to engage in sexual acts with his siblings and was then bribed to keep quiet about what had happened. (*Id.* at 2-3.) It appears the named defendants are related to Davis. (*See e.g.*, Doc. 1-1.) Based on the facts asserted, all acts alleged are not only remote in time but occurred during Davis's childhood in California, not Montana. Thus, Davis has not demonstrated venue is proper in this District.

Because venue is improper, the Court has discretion to dismiss or transfer the case. *See* U.S.C. § 1406(a). While the Court is not suggesting the claims in the complaint are meritless, even the most recent of Davis's claims are nearly a decade old. Thus, dismissing the case would not cause any unnecessary delay or prejudice to Davis. Davis may still attempt to refile this matter in the proper federal court. Therefore, the Court finds that dismissal, rather than transfer, is appropriate.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Davis's complaint (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith. *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.

DATED this 2nd day of April, 2024.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge